Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Danyelle Gerrie

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Danyelle Gerrie**, an Arizona resident, | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Arizona Movers and Storage Inc.,** a corporation; and **Hashem Abouzeid** an Arizona resident, | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Danyelle Gerrie, for her Verified Complaint against Defendants Arizona Movers and Storage, Inc. and Hashem Abouzeid, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation,

liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Danyelle Gerrie resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from in or around October 2014 until in or around September 2017.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1).

10. Defendant Arizona Movers and Storage Inc. is a corporation, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11.    Defendant Hashem Abouzeid is an Arizona resident. He has directly caused events to take place giving rise to this action. Hashem Abouzeid is the owner of Arizona Movers and Storage Inc.

12.    Under the FLSA, Defendant Hashem Abouzeid is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Hashem Abouzeid is the owner of Arizona Movers and Storage Inc. He determined the method and rate of Plaintiff's payment of wages. As a person who acted in the interest of Arizona Movers and Storage Inc., in relation to the company's employees, Hashem Abouzeid is subject to individual and personal liability under the FLSA.

13.    Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.    Defendants, and each of them, are sued in both their individual and corporate capacities.

15.    At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

16.    Defendant Arizona Movers and Storage Inc. is a moving and storage company.

17.    In or around October 2014, Plaintiff began employment with Defendants as a receptionist.

18. At all relevant time during Plaintiff's employment, Plaintiff was paid a rate between $10.00 - $13.00 per hour, regardless of how many hours she worked.

19. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for her overtime hours.

20. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for her overtime hours.

21. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required her to work overtime as a condition of her employment.

22. For example, Plaintiff worked at least 40 hours of overtime during the week of June 1, 2017 and was only compensated straight time for all such overtime hours worked (in excess of 40 hours in the given workweek).

23. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

24. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

25. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Wage Statute was willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

26. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

27. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

28. Plaintiff was an employee entitled to the statutorily mandated overtime wages.

29. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

30. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

31. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

32. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages were a violation of the FLSA.

33. Defendants have not made a good faith effort to comply with the FLSA.

34. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
**(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**

35. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

36. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

37. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

38. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

39. Defendants failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

40. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 28, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Danyelle Gerrie

## VERIFICATION

Plaintiff Danyelle Gerrie declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Danyelle Gerrie